UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAUL EDWARD JACKSON,

    Petitioner,

vs.          Case No. 2:09-cv-286-FtM-29DNF
            Case No. 2:00-cr-61-FtM-29DNF

UNITED STATES OF AMERICA, UNITED
STATES CORPORATION, BUREAU OF
PRISONS, HARLEY LAPPIN, Director,
A. GONZALEZ, Attorney General,

    Respondents.
_____

**OPINION AND ORDER**

  This matter comes before the Court on petitioner Paul Edward Jackson's First Amendment Redress of Grievance Against the Government and the Ninth Amendment Reservation to Hold All Public Officials to the Higher Standards and Knowledge of the Law, Un Delegated Rights and Privileges Guaranteed by the Constitution of the United States, Writ of Habeas Corpus Under the U.S. Constitution, Article I, Section IX, Clause II Supervised Release Not an Authorized Sentence (Cv. Doc. #1; Cr. Doc. #74)[1] filed on May 8, 2009. On May 19, 2009, the Court entered an Order (Cv. Doc. #6) directing petitioner to advise the Court within twenty days as to which of the three options set forth in that Order petitioner

---

[1] The Court will make references to the dockets in the instant action and in the related criminal case throughout this Opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc." and will refer to the underlying criminal case as "Cr. Doc."

chose to elect, pursuant to Castro v. United States, 540 U.S. 375, 376 (2003). Petitioner has filed nothing in response to this Order.

Petitioner asserts that in light of United States v. Booker, 543 U.S. 220 (2005), it was unconstitutional to impose a term of supervised release following completion of his term of imprisonment. It appears that petitioner seeks a writ of habeas corpus, or perhaps, a writ of mandamus. *Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

## I.

Petitioner pled guilty to the Indictment (Cr. Doc. #5) without the benefit of a plea agreement and was sentenced on August 12, 2002 to a term of 180 months imprisonment followed by 36 months supervised release. Judgment (Cr. Doc. #46) was entered on August 13, 2002. Petitioner timely appealed, and the Eleventh Circuit Court of Appeals issued a Judgment (Cr. Doc. #61) on March 20, 2003, affirming the conviction and sentence based on counsel's Anders[2] brief. The mandate was filed on April 18, 2003, and no petition for *certiorari* was filed. Petitioner subsequently filed several miscellaneous motions with the district court, but did not seek habeas relief.

---

[2] Anders v. California, 386 U.S. 738 (1967).

**II.**

If treated as a motion pursuant to 28 U.S.C. § 2255, the motion is untimely. Federal prisoners whose convictions became final after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), have one year from the latest of any of four events to file a § 2255 motion: (1) the date on which the conviction became final; (2) the date on which any government-imposed impediment to making the motion is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255 (2008); see also Pruitt v. United States, 274 F.3d 1315, 1317 (11th Cir. 2001).

It is clear that petitioner's motion was not filed within one year after his conviction became final. "[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme Court] on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." Clay v. United States, 537 U.S. 522, 532 (2003). See also Kaufmann v. United States, 282 F.3d 1336, 1337 (11th Cir.), cert. denied, 537 U.S. 875 (2002). Petitioner's conviction thus became final ninety (90) days after the April 18, 2003 mandate by the Eleventh Circuit. Giving petitioner the benefit of the

"mailbox rule," Houston v. Lack, 487 U.S. 266 (1988), Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001), the Court will deem the current motion filed on May 4, 2009, the date petitioner signed the motion while incarcerated. Even so construed, the motion was filed more than five years after the expiration of the statute of limitations.

Petitioner does not come within § 2255 ¶6(3), despite Booker, decided on January 12, 2005. Under this provision, the Supreme Court must recognize the existence of a new right and that right must be made retroactive to cases on collateral review. The Eleventh Circuit has held "that Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." Varela v. United States, 400 F.3d 864, 867-68 (11th Cir.) (citing Schriro v. Summerlin, 542 U.S. 348, 357-59 (2004), cert. denied, 546 U.S. 924 (2005). See also United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005). Since petitioner's case became final prior to Booker, the motion is not timely under this provision.[3]

Alternatively, even if § 2255 is applicable or if there is some other basis for jurisdiction, petitioner's motion is without merit. Petitioner argues that there is no statutory basis to impose a term of supervised release following a term of imprisonment, and that supervised release became unconstitutional

---

[3]The second or fourth § 2255 event would not possibly apply to this case.

as of the January 12, 2005 decision in Booker. Petitioner is mistaken.

"Section 3583 of Title 18 authorizes a court to impose a term of supervised release to follow imprisonment." United States v. Williams, 2 F.3d 363, 363 (11th Cir. 1993). See 18 U.S.C. §§ 3583(a), (b). Booker did not declare § 3583 unconstitutional. Indeed, Booker explained that most of the federal sentencing statute was "perfectly valid," citing § 3583 as an example. Booker, 543 U.S. at 258. Additionally, after Booker, "[t]he [Sentencing] Guidelines contemplate that a defendant will receive a term of supervised release. 18 U.S.C. § 3583(a). Supervised release is mandated whenever a sentence exceeds one year of imprisonment and may be imposed at the discretion of the district court 'follow[ing] imprisonment in any other case.' U.S.S.G. § 5D1.1." United States v. Moran, No. 08-16987, 2009 WL 1874374, at *4 (11th Cir. 2009).

Petitioner's motion also appears to seek relief against the Bureau of Prisons and government officials for not taking corrective action to remove the supervised release. This request is also without merit. Neither the Bureau of Prisons nor government officials can change the Court's sentence. Additionally, the imposition of supervised release was and continues to be lawful, as set forth above. A writ of mandamus is an extraordinary remedy that is available only when there is no other adequate means available to remedy a clear usurpation of

power or abuse of discretion.  Cash v. Barnhart, 327 F.3d 1252, 1257 (11th Cir. 2003); Jackson v. Motel 6 Multipurpose, Inc., 130 F.3d 999, 1004 (11th Cir. 1997).  Petitioner must show that his right to issuance of a writ is clear and indisputable, that defendant has a clear duty to act, and that petitioner lacks adequate alternative means to obtain the relief sought.  Mallard v. United States Dist. Court for S. Dist. Iowa, 490 U.S. 296, 309 (1989); Dennis v. United States Bureau of Prisons, No. 08-15737, 2009 WL 840405, at *2 (11th Cir. Apr. 1, 2009); Carpenter v. Mohawk Indus. (In re Mohawk Indus.), 541 F.3d 1048, 1055 (11th Cir. 2008).  In this case, petitioner cannot satisfy any of these requirements.

The Court has also considered all other possible bases of authority even though none may be identified by petitioner, as required by United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), cert. denied, 499 U.S. 979 (1991).  The Court finds no basis for the relief petitioner requests.

Accordingly, it is now

**ORDERED:**

1. Petitioner Paul Edward Jackson's First Amendment Redress of Grievance Against the Government and the Ninth Amendment Reservation to Hold All Public Officials to the Higher Standards and Knowledge of the Law, Un Delegated Rights and Privileges Guaranteed by the Constitution of the United States, Writ of Habeas Corpus Under the U.S. Constitution, Article I, Section IX, Clause II Supervised Release Not an Authorized Sentence (Cv. Doc. #1; Cr.

Doc. #74) is **DISMISSED** as untimely under 28 U.S.C. § 2255, or in the alternative, is **DENIED** on the merits for the reasons set forth above.

2.  The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**DONE AND ORDERED** at Fort Myers, Florida, this   31st   day of July, 2009.

_____
JOHN E. STEELE
United States District Judge


Copies:
Parties and Counsel of record
Paul Edward Jackson